IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ERIC H.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LELAND DUDEK, Acting Commissioner<br>of Social Security,<br><br>　　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br><br>Case No. 4:24-cv-00081-PK<br><br>Magistrate Judge Paul Kohler |

This matter comes before the Court on Plaintiff's appeal from the decision of the Social Security Administration denying his application for disability insurance benefits.[1] The Court affirms the administrative ruling.

## I.  STANDARD OF REVIEW

This Court's review of the administrative law judge's ("ALJ") decision is limited to determining whether the findings are supported by substantial evidence and whether the correct legal standards were applied.[2] "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[3] The ALJ is required to consider all of the evidence, although the ALJ is not required to discuss all of the evidence.[4] If supported by substantial evidence, the Commissioner's findings are conclusive and must be

---

[1] Docket No. 10.

[2] *Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[3] *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

[4] *Id.* at 1009–10.

affirmed.[5] The Court must evaluate the record as a whole, including the evidence before the ALJ that detracts from the weight of the ALJ's decision.[6] However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the Commissioner.[7]

## II. BACKGROUND

### A. PROCEDURAL HISTORY

On June 9, 2022, Plaintiff applied for disability insurance benefits, alleging disability beginning on April 22, 2015.[8] The claim was denied initially and on reconsideration.[9] Plaintiff then requested a hearing before an ALJ,[10] which was held on March 1, 2024.[11] On April 2, 2024, the ALJ found that Plaintiff was not disabled.[12] The Appeals Council denied review on July 26, 2024,[13] making the ALJ's decision the Commissioner's final decision for purposes of judicial review.[14]

On September 24, 2024, Plaintiff filed his complaint in this case.[15] On September 30, 2024, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth

---

[5] *Richardson*, 402 U.S. at 390.

[6] *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7] *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000).

[8] R. at 224–28.

[9] *Id*. at 121–25, 132–36.

[10] *Id*. at 137–38.

[11] *Id.* at 31–57.

[12] *Id.* at 7–18.

[13] *Id.* at 1–6.

[14] 20 C.F.R. §§ 416.1481, 422.210(a).

[15] Docket No. 1.

Circuit.[16] The Commissioner filed an answer and the administrative record on November 11, 2024.[17]

Plaintiff filed his Opening Brief on December 13, 2024.[18] The Commissioner's Answer Brief was filed on March 14, 2025.[19] Plaintiff did not file a reply.

B.    MEDICAL EVIDENCE

In February 2015, Plaintiff was hospitalized for an attempt to end his life by consuming an excess of alcohol.[20] Plaintiff had received treatment for depression, anxiety, and post-traumatic stress disorder ("PTSD") prior to this incident[21] and had been prescribed medication, though he was inconsistent in taking that medication.[22] Plaintiff continued to receive mental health treatment during the relevant period and received diagnoses of Major Depressive Disorder[23] ("MDD"), PTSD,[24] and Generalized Anxiety Disorder.[25] In conjunction with a prior application for disability benefits Plaintiff filed in 2016, a state agency physician, Dr. Macnamara, found that Plaintiff's medical residual capacity "would be consistent with low

---

[16] Docket No. 7.

[17] Docket No. 8.

[18] Docket No. 10.

[19] Docket No. 18.

[20] R. at 517–25.

[21] *Id*. at 583–92, 595–605, 608, 610–21, 630–39, 645–48, 663–67, 676–80, 689–93, 722–23, 745–46, 751–53, 872–78.

[22] *Id*. at 584, 596, 611.

[23] *Id*. at 399, 410, 420, 431, 446, 463, 466, 478, 488, 497, 514.

[24] *Id*. at 399, 420, 431, 446, 463, 478, 488, 497, 514.

[25] *Id*. at 410, 431, 463, 466, 478, 488, 497, 514.

stress, simple instructions with low social/public contact."[26] Although he was prescribed

psychotropic medication after the 2016 hospitalization,[27] at a routine physical on July 25, 2018,

Plaintiff's depression and PTSD were noted to be stable with no medication.[28] On September 12,

2019, Plaintiff stated during a mental health evaluation that he was doing fairly well, though he

had some difficulties falling asleep.[29] In July of 2021, Plaintiff was not seeing a therapist or

taking any psychotropic medications.[30] His symptoms were described as waxing and waning but

moderate.[31]

      In addition to mental health treatment, Plaintiff received treatment for physical ailments.

Plaintiff has a history of back pain and wrist pain and has received physical therapy,

occupational therapy, and chiropractic care.[32] In 2015, imaging demonstrated normal alignment

and no significant degenerative changes of the thoracic spine. The cervical spine demonstrated

mild spondylosis with endplate hypertrophy.[33] A radiology report in 2016 noted two views of the

---

[26] *Id*. at 85.

[27] *Id*. at 446.

[28] *Id*. at 1551.

[29] *Id*. at 1527.

[30] *Id*. at 1435.

[31] *Id*.

[32] *Id*. at 526–32, 537–40, 551–54, 562–65, 575–82, 622–28, 649–53, 668–69, 671–75, 681–88, 713–14, 736–37, 739–41, 747–49, 758–62, 767–68, 786–802, 809–32, 844–71, 1418–20, 1557–61.

[33] *Id*. at 370.

thoracic spines as unremarkable.[34] Regarding Plaintiff's wrist, a radiology report in 2016 found Plaintiff's wrist unremarkable with no evidence of an acute fracture or malalignment.[35]

## C.    HEARING TESTIMONY

Before the ALJ, Plaintiff testified that he lived with his two minor children and worked part-time at a call center for approximately ten to twelve hours a week.[36] He stated that he became distracted fairly quickly, that he had trouble with his short-term memory, and that he needed time to adjust to change.[37] He also stated that, within the relevant time period, he suffered from panic attacks, and he identified that a large number of people was a trigger for those attacks.[38] Regarding his physical health, Plaintiff testified that his back pain made it difficult to stand or sit for long periods, and his wrist pain made it difficult to lift objects with his right hand.[39]

## D.    THE ALJ'S DECISION

The ALJ followed the five-step sequential evaluation process in deciding Plaintiff's claim. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 22, 2015, the alleged onset date, through his date last insured of June 30, 2021.[40] At step two, the ALJ found that Plaintiff suffered from the following severe

---

[34] *Id*. at 1360.

[35] *Id*. at 1359.

[36] *Id.* at 37–38.

[37] *Id.* at 38–45.

[38] *Id.* at 45–46.

[39] *Id.* at 47–49.

[40] *Id.* at 12.

impairments: PTSD, ADHD, and MDD.[41] The ALJ found Plaintiff's chronic upper back pain

and right wrist pain non-severe and found Plaintiff's irritable bowel issues non-medically

determinable.[42] At step three, the ALJ determined that Plaintiff did not meet or equal a listed

impairment.[43] At step four, the ALJ found that Plaintiff had the residual functional capacity

("RFC") to perform a full range of work at all exertional levels with certain non-exertional

limitations:

> The claimant is able to perform simple job instructions in a low stress work environment—
> i.e. no fixed high production quotas; he can interact with supervisors, coworkers or the
> public up to 1/3 of 8-hour workday and can perform jobs which do not have frequent
> changes in how the work is being performed.[44]

Then, the ALJ concluded that through the date last insured, Plaintiff was unable to

perform any past relevant work.[45] At step five, the ALJ found that there were jobs that exist in

significant numbers that Plaintiff could perform and, therefore, he was not disabled.[46]

### III. DISCUSSION

Plaintiff raises a single issue in his brief: whether the ALJ erred by failing to consider all

medical opinions or prior administrative findings. Plaintiff argues that the ALJ did not consider

state agency physician Dr. Macnamara's findings as required. Defendant does not dispute this

error but contends that the error was harmless.

---

[41] *Id.* at 12–13.

[42] *Id.* at 13.

[43] *Id.* at 13–14.

[44] *Id.* at 14–16.

[45] *Id.* at 16–17.

[46] *Id.* at 17–18.

When an ALJ's decision is in error, "[i]t does not necessarily follow . . . that a remand is required."[47] Rather, the ALJ's decision will not be reversed if the error was harmless.[48] "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."[49] Thus, while an ALJ has a duty to consider and weigh all medical opinions and prior administrative findings, an ALJ's failure to do so "involves harmless error if there is no inconsistency between the opinion and the ALJ's assessment of residual functional capacity."[50] "[T]he need for express analysis is weakened '[w]hen the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC.'"[51] In such circumstances, "'giving greater weight to [the opinion] would not have helped [the claimant],'" so the claimant is not prejudiced.[52]

Plaintiff fails to identify any inconsistencies between Dr. Macnamara's findings and the ALJ's RFC determination. Dr. Macnamara found that Plaintiff's "[m]ental residual capacity would be consistent with low stress, simple instructions with low social/public contact."[53] This aligns with the ALJ's RFC determination. The ALJ determined that Plaintiff was able to "perform simple job instructions in a low stress work environment,"[54] which is consistent with Dr. Macnamara's findings of low stress and simple instructions. The ALJ also determined that

---

[47] *Alvey v. Colvin*, 536 F. App'x 792, 794 (10th Cir. 2013).

[48] *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

[49] *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

[50] *Mays v. Colvin*, 739 F.3d 569, 578–79 (10th Cir. 2014).

[51] *Id*. at 578 (quoting *Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1162 (10th Cir. 2012)).

[52] *Id*. at 579 (quoting *Keyes–Zachary*, 695 F.3d at 1163).

[53] R. at 85.

[54] *Id*. at 14.

Plaintiff could "interact with supervisors, coworkers or the public up to 1/3 of 8-hour workday,"[55] which, absent any argument from Plaintiff otherwise, appears consistent with Dr. Macnamara's finding of low social/public contact.

While Plaintiff does point out that Dr. Macnamara opined that Plaintiff's tolerance for stress would be "poor" due to his level of anxiety, Plaintiff fails to elaborate how the ALJ's RFC determination does not account for this through the low-stress work environment limitation. Plaintiff also argues that Dr. Macnamara's findings could have been more persuasive than those of other reviewing sources. But had the ALJ properly considered Dr. Macnamara's findings, the ALJ would not have had to reject or weigh Dr. Macnamara's findings unfavorably. Thus, any such persuasiveness would not have helped Plaintiff but would, rather, have served to bolster the ALJ's determination.

In short, Plaintiff's arguments fail to show that any prejudice resulted from the ALJ's error. The ALJ's error was therefore harmless, and a remand is not required.

## IV.  CONCLUSION

Having made a thorough review of the entire record, the Court affirms the Commissioner's decision.

DATED this 7th day of April, 2025.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge

---

[55] *Id.*